lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

In re:

| | |
|---|---|
| MICHAEL FRANCIS SHERLOCK and ) <br> TAMMI RAE SHERLOCK, ) <br> ) <br> Debtors. ) <br> _____) <br> ) <br> DARCY D. WILLIAMSON, ) <br> ) <br> Trustee-Appellant, ) <br> v. ) <br> ) <br> MICHAEL FRANCIS SHERLOCK and ) <br> TAMMI RAE SHERLOCK, ) <br> ) <br> Debtors-Appellees. ) <br> _____) | Case No. 07-4145-JAR <br><br><br><br><br><br><br><br> Bankruptcy Case No. 06-40549-7 |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Chapter 7 Trustee's appeal of the bankruptcy court's order declining to apply the doctrine of marshaling to collect the pre-petition portion of the debtors' income tax refund that was offset by the Internal Revenue Service ("IRS"). For the reasons explained in detail below, the Court affirms the order of the bankruptcy court.

### I.    Factual Background

Michael and Tammi Sherlock ("the debtors") filed for relief under Chapter 7 of the Bankruptcy Code on June 23, 2006. Darcy D. Williamson ("the Trustee") is the duly appointed and acting Chapter 7 case Trustee.

The debtors' bankruptcy schedules list a homestead valued at $65,000 with a lien of $58,805.19, a timeshare in Colorado valued at $9,150 with a lien of $7,700, two bank accounts

with balances totaling $1621.41, household goods valued at $4000, clothes valued at $500, jewelry valued at $360, two polices of life insurance valued at $0, five vehicles (a 1988 Chevrolet valued at $3000, a 2000 Mercury valued at $5000 with a lien in the amount of $4864, a 1986 Ford valued at $500, a 2003 Chevrolet valued at $6200 with a lien in the amount of $6931, and a Kawasaki motorcycle valued at $4000 with a contested lien of $4979) and a 2005 income tax refund in an unknown amount. On Schedule E, the debtors listed an unsecured priority claim of the IRS in the amount of $2026.00 for unpaid taxes.

After receiving a copy of the debtors' 2006 tax returns, the Trustee requested turnover of $459.07, which represented the pre-petition portion of the debtors' 2006 federal income tax refund. On March 17, 2007, the IRS sent notice to the debtors that it had applied their entire 2006 refund to the unpaid balance of other federal taxes owed by them.

On April 6, 2007, the Trustee again requested turnover of the pre-petition portion of the debtors' income tax refund in the amount of $459.07, citing *In re Steele*[1] as authority that the debtors must pay the bankruptcy estate the pro-rata portion of the refund under the doctrine of marshaling of assets. Debtors' counsel sent payment in the amount of $459.07 to the Trustee on May 1, 2007, representing the bankruptcy estate's pro-rata share of the 2006 refund.

On July 27, 2007, the debtors filed a Motion for Determination that the Portion of Debtors' Income Tax Refund Offset by the IRS is Not Property of the Estate. Debtors cited the recent case of *In re Blagg*,[2] in which Judge Somers disagreed with Judge Nugent's ruling in *Steele* and declined to apply the doctrine of marshaling under facts similar to the circumstances

---

[1]Case No. 03-13393, Adv. No. 04-5265 (Bankr. D. Kan. Nov. 17, 2005).

[2]372 B.R. 502 (Bankr. D. Kan. 2007).

in this case. The bankruptcy court found the approach taken in *Blagg* to be more persuasive and adopted its holding, ruling that the doctrine of marshaling was not applicable and that the Trustee may not collect the pre-petition portion of the debtors' income tax refund that was offset by the IRS.[3]

## II.     Appellate Jurisdiction

The Trustee has elected to have the appeal heard by this Court.[4] This appeal was timely filed by the Trustee, and the bankruptcy court's Order is "final" within the meaning of 28 U.S.C. § 158(a)(1).[5]

## III.    Standard of Review

On appeal from the bankruptcy court, the district court sits as an appellate court.[6] The court reviews an order refusing to apply the doctrine of marshaling under the abuse of discretion standard.[7] "A [ ]court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in evidence for its ruling."[8]

## IV.    Discussion

The Trustee contends that the bankruptcy court erred in failing to apply the equitable doctrine of marshaling. For marshaling to apply, the movant must establish three elements: (1)

---

[3]*See* Memorandum Opinion and Order ("Order") (Doc. 3-24 at 5-6).

[4]*See* 28 U.S.C. § 158(c)(1); B.A.P. 10th Cir. R. 8001-1(a), (e).

[5]*See* Fed. R. Bankr. P. 8001-8002.

[6]*See* 28 U.S.C. § 1334(a).

[7]*In re Carson*, 374 B.R. 247, 248 (10th Cir. BAP 2007) (citation omitted).

[8]*In re Ford*, 492 F.3d 1148, 1153 (10th Cir. 2007) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002) (citations omitted)).

the existence of two or more creditors competing against the same debtor; (2) the existence of two or more funds belonging to the debtor; and (3) the legal right of at least one creditor to satisfy its claim against either of the funds, when the other creditor has access to only one fund.[9] "Generally, marshaling prevents a senior lienholder from arbitrarily exhausting the only collateral of a junior lienholder when the senior creditor has other collateral while the junior creditor does not."[10]

In *Steele*, the bankruptcy court applied the doctrine of marshaling to require the debtor to pay to the estate its pro-rata share of the debtor's income tax refund even though the refund had been offset to pay child support obligations.[11] The bankruptcy court held that because the debtor benefitted from the setoff and application of his tax refund to a debt that could have been collected from him post-discharge, the debtor should pay back the estate the entirety of its share of the refund as if there had been no offset.[12] The court reasoned that the rights of the pre-petition creditors would be adversely affected if the doctrine of marshaling were not applied.[13]

The bankruptcy court in *Blagg* reached a different conclusion, holding that the facts of that case did not satisfy the elements of marshaling.[14] The bankruptcy court in this case summarized the *Blagg* holding as follows:

---

[9]*Carson*, 374 B.R. at 249 (citing *Morris v. Jack B. Muir Irrevocable Trust (In re Muir)*, 89 B.R. 157, 160 (Bankr. D. Kan. 1988)).

[10]*Id*. (citing *Meyer v. United States*, 375 U.S. 233, 237 (1963)).

[11]*In re Steele*, Case No. 03-13393; Adv. No. 04-5265 at 5 (Bankr. D. Kan. Nov. 17, 2005).

[12]*Id*. at 5.

[13]*Id*.

[14]*In re Blagg*, 372 B.R. 502, 508-09 (Bankr. D. Kan. 2007).

>The court held that the first element for marshaling was not present because the creditors involved were not secured creditors, and the doctrine's entire purpose is to benefit junior <u>secured</u> creditors. Second, the court held there were not two separate funds subject to a lien by a senior lien holder, and in fact, there was in reality no perfected lien holder. Third, the court held that the debtors never had the purported "two funds" in their hands, nor did they have control over those funds. Fourth, the court held that 11 U.S.C. § 105 could not be used to invoke marshaling, because applying marshaling to the facts of this case would directly circumvent the Bankruptcy Code's specific provisions that allow a preference for governmental entities (by authorizing offset under certain circumstances). Fifth, the court reasoned that because the debtors never actually had possession of or control over the tax refunds at issue, there is no statutory authority to require them to turn over the funds. Finally, the court concluded that applying the "equitable" doctrine of marshaling in these cases would be inequitable because it would place an improper burden upon the debtors to collect and forward assets of the estate to the Trustee, impeding the debtor's fresh start. In so holding, the court noted that marshaling is generally not applied against the debtor or to the prejudice of the debtor.[15]

The Trustee disagrees with the conclusion reached in *Blagg* and claims that decision was based on the parties' erroneous stipulation that the IRS was an unsecured creditor.[16] Instead, the Trustee argues, the IRS and the Trustee are both secured creditors with liens on two or more funds belonging to the debtors. The Court disagrees. First, the IRS is not a senior secured creditor. In Schedule E of their bankruptcy schedules, debtors listed an unsecured priority claim of the IRS for unpaid taxes in the amount of $2026.00. Section 507 of the Bankruptcy Code establishes a priority for the payment of specified unsecured claims.[17] The eighth priority

---

[15] Order at 5 (citing *Blagg*, 372 B.R. at 508-11) (emphasis in original).

[16] In fact, the parties in *Blagg* stipulated that "the IRS has no lien on any property of the Debtors or the estate." *Blagg*, 372 B.R. at 508.

[17] 11 U.S.C. § 507.

includes "allowed unsecured claims" to the extent the claim is for unpaid income taxes.[18]  The Trustee cites Internal Revenue Code section 6321, which states, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."[19]  Under the Bankruptcy Code, the Trustee has the rights and powers of a judgment lien creditor as of the commencement of the case, whether or not such a creditor exists.[20]  To obtain priority over other liens, however, notice of federal tax liens must be filed pursuant to 26 U.S.C. § 6323(a).  The record does not include any evidence that the IRS filed a secured claim or a Notice of Federal Tax Lien to secure repayment of any tax obligation.[21]  Because the IRS did not file a Notice of Lien,  the IRS does not have a lien senior to the rights of the Trustee as provided by § 544.  Instead,  the IRS holds an unsecured claim for pre-petition taxes that has been granted priority status ahead of the general unsecured creditors.

Second, although § 544 allows the Trustee to step into the shoes of a judicial lien creditor, it does not actually give the Trustee a lien on any property of the debtor or the bankruptcy estate.  Instead, these so-called "strong arm powers" of § 544(a) provide the Trustee with the means to avoid an unperfected lien for the benefit of the unsecured creditors.  Because the Trustee does not have a lien on the debtors' tax refund, there is no junior lien creditor with a security interest in only one of the two funds from which the senior secured creditor can satisfy its claim.

---

[18]11 U.S.C. § 507(a)(8).

[19]26 U.S.C. § 6321.

[20]11 U.S.C. § 544(a)(1).

[21]*See* 26 U.S.C. § 6321 (Federal tax lien upon "all property and rights to property, whether real or personal" belonging to the taxpayer.).

Nor does the Trustee establish that there are two separate funds subject to a lien by a senior lien holder. The Tenth Circuit Bankruptcy Appellate Panel recently held that a tax refund cannot be split into "two funds" for purposes of marshaling by dividing the pre- and post-petition portions of the refund.[22] The panel held that because the pre-petition portion of the refund belongs to the bankruptcy estate, and the post-petition portion belongs to the debtor, there are not "two funds belonging to the debtor" and thus marshaling is not applicable.[23] The Court agrees with the bankruptcy court's finding that the same analysis applies in this case, and there are not two funds "belonging to the debtor" required for the doctrine of marshaling to apply.[24] Accordingly, the Trustee has not established the essential elements of marshaling, as the IRS is not a senior creditor with liens on two or more funds of the debtors.

The Court notes that any right the IRS has to setoff the debtors' tax refund against past-due taxes stems from the authority provided by the Internal Revenue Code, not because of any lien on the refund. Section 6402 of the Internal Revenue Code authorizes the Secretary, in case of any overpayment by a taxpayer, to "credit the amount of such overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who made the overpayment."[25] The Bankruptcy Code does not affect the IRS's right to setoff under these circumstances.[26]

---

[22] *In re Carson*, 374 B.R. 247, 250 (10th Cir. BAP 2007); *accord Redmond v. Miller (In re Miller)*, 378 B.R. 418 (Table), 2007 WL 2332391, at *3 (10th Cir. BAP Aug. 16, 2007).

[23] *Id.*

[24] Order at 5 n.12.

[25] 26 U.S.C. § 6402.

[26] 11 U.S.C. § 533.

Because the Trustee failed to meet her burden, the Court finds that the bankruptcy court did not abuse its discretion when it declined to apply the equitable doctrine of marshaling to the facts of this case. In so ruling, the Court stresses that marshaling is an equitable doctrine that generally is not applied against a debtor or to the prejudice of a debtor.[27] As previously discussed, the IRS has a priority unsecured claim. If the IRS had not exercised its right to offset the debtors' income tax refund, the Trustee wold have collected the refund from the IRS and then paid the IRS as a priority unsecured creditor, after deduction of a trustee's fee. The Court disagrees with the Trustee's characterization of the IRS's payment in full as a "windfall," as priority unsecured creditors are necessarily paid in full before unsecured creditors receive any payments.[28] Indeed, application of the doctrine of marshaling to the debtors would result in them paying approximately $450 to unsecured creditors that would otherwise not have been paid.

## V. Conclusion

Because the Trustee did not establish two of the elements for marshaling, the Court concludes that the bankruptcy court did not abuse its discretion in declining to apply the doctrine to the facts of this case. Accordingly, the order of the bankruptcy court is AFFIRMED.

**IT IS SO ORDERED.**

---

[27] *In re Miller*, 2007 WL 2332391, at *3 (citing *Blagg*, 2007 WL 1385906, at *5).

[28] 11 U.S.C. § 507(a)(8).

Dated this 11th day of September 2008.

                S/ Julie A. Robinson
               Julie A. Robinson
               United States District Judge